```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re
        DOUGLAS R. HARPER                          03-19456 B
        SUZANNE S. HARPER                          05-12581 B

                                                DECISION & ORDER
                Debtors
------------------------------------------------------
```

        Thomas A. Dorey, Esq.
        P.O. Box 247
        Lakewood, New York 14750
        Trustee

        Richard F. Whipple Jr., Esq.
        2 West Main Street
        Fredonia, New York 14063
        Attorney for Debtors


Bucki, U.S.B.J.

        Douglas R. Harper and Suzanne S. Harper have moved to dismiss their Chapter 7 cases, so that they may file new petitions in which they might claim the benefit of the enhanced homestead exemption that became effective in New York State on August 30, 2005. For the reasons stated herein, these motions are denied.

        Douglas Harper filed a petition for relief under Chapter 11 of the Bankruptcy Code on December 24, 2003. Unable to confirm a plan of reorganization, Mr. Harper voluntarily converted his case to a proceeding under Chapter 7 in April of 2005. Meanwhile, Douglas's wife, Suzanne Harper, filed a petition for relief under Chapter 13 on April 4, 2005. Before the end of that month, however, Mrs. Harper had also converted her case voluntarily to Chapter 7. Shortly thereafter, Thomas A. Dorey was assigned to serve as trustee for both of the respective estates of Douglas and Suzanne Harper.

Douglas and Suzanne Harper hold record title to the real property on which they reside in the Town of Chautauqua, New York. In schedules filed with his bankruptcy petition, Douglas claimed that this property had a fair market value of $85,800. At the time that she filed her schedules, Suzanne stated that the property's fair market value had increased to $93,500. Both debtors represented that the property was encumbered by secured claims in the amount of only $9,848. In their respective cases, each debtor also claimed the homestead exemption allowed under New York law.

On the dates that Douglas and Suzanne Harper filed their bankruptcy petitions, New York allowed to each debtor a homestead exemption in the amount of $10,000. *See* N.Y. DEBT. & CRED. LAW §282 (McKinney 2001) and N.Y. C.P.L.R. §5206 (McKinney 1997). Thus, their bankruptcy estates included real property with substantial equity in excess of the applicable homestead exemptions. Accordingly, on August 17, 2005, the trustee filed motions to compel a turnover of the real property, so that he might administer its non-exempt equity. On August 30, 2005, however, the governor of New York approved chapter 623 of the 2005 Session Laws. This statute amended C.P.L.R. §5206, to the effect that immediately upon enactment, every debtor can claim a homestead exemption for $50,000 of value in his or her residence. If this new standard were to apply in the present instance, Douglas and Suzanne Harper would be able to exempt the entire equity of their homestead from administration by the trustee.

Section 522 of the Bankruptcy Code establishes the right of a debtor to exempt assets from property of the estate. Because both of the instant petitions were filed before October 17, 2005, they are governed by the version of section 522 in effect prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act. Pub. L. No. 109-8, 133 Stat. 23 (2005) (codified

as amended throughout 11 U.S.C. and scattered sections of 18 U.S.C. and 28 U.S.C.). Accordingly, this opinion makes reference to the pre-amendment statute, even though the amendment does not change the applicable text. As allowed by section 522(b)(1) of the pre-amendment Bankruptcy Code and pursuant to New York Debtor and Creditor Law §284, the State of New York has opted to disallow use of the exemptions specified in 11 U.S.C. §522(d). As a consequence, under section 522(b)(2)(A) of the pre-amendment Bankruptcy Code, Mr. and Mrs. Harper may exempt "any property that is exempt under Federal law, other than subsection(d) of this section, or State or local law *that is applicable on the date of the filing of the petition*" (emphasis added). As of the date of the filing of the bankruptcy petitions of Douglas Harper and Suzanne Harper, the State of New York allowed a homestead exemption of only $10,000. Thus, for purposes of the present bankruptcy proceedings, the homestead exemption for each debtor is limited to that amount.

At the hearing on the trustee's motions to compel a turnover of the debtors' real property, counsel for the debtors acknowledged an entitlement to an exemption of only $10,000. Rather than to oppose the turnover motions *per se*, the debtors moved orally to dismiss their outstanding cases under Chapter 7. They further represented that if the court were to grant a dismissal, they would promptly file new petitions for relief. Noting that such an arrangement would cause creditors to lose the benefit of a distribution from equity that would become an exempt asset under the current law of New York, the trustee opposed the request for dismissal.

Pursuant to 11 U.S.C. §707(a), this court may dismiss a case under Chapter 7 "only after notice and a hearing and only for cause." I need not decide whether an oral request can ever satisfy the notice requirement of the statute,

in as much as the debtors fail to establish sufficient cause for dismissal in the present instance.

Douglas and Suzanne Harper argue that the court should dismiss their cases for reasons of equity. After a case is filed, however, the equitable concern of this court inures equally to all interested parties, both with respect to the interests of debtors and for the protection of creditors. Thus, 11 U.S.C. § 707(a) states that good cause for dismissal may include "unreasonable delay by the debtor that is prejudicial to creditors." When it is the debtor who seeks dismissal, good cause requires more than a showing of benefit to the debtor, but that creditors will suffer no adverse consequences. On prior occasions, I have granted a debtor's motion to dismiss upon the consent of all creditors or when the debtor establishes other arrangements for the payment of creditors in full. Here, the debtors have not met either of these usual prerequisites. Rather, the trustee objects to dismissal for good reason. By allowing the debtors to increase their claim of exemption, a dismissal at this time would take from creditors the opportunity to share a distribution from the value of the debtors' homestead.

Contrary to the debtors' contention, equity demands a denial of the request for dismissal. A discharge in bankruptcy operates as an injunction against measures that creditors could otherwise take under law to enforce their contractual and other rights. 11 U.S.C. §524(a). To obtain such extraordinary relief, a debtor must satisfy various conditions, among which is the surrender of all property of the estate to the trustee. 11 U.S.C. §521(4), renumbered as §521(a)(4) under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. To the same extent that bankruptcy accords rights to a debtor as against creditors having claims as of the date of bankruptcy filing, that debtor is obliged to surrender property rights as defined by the same date of bankruptcy filing. Debtors may not turn this date of filing into a moving target. Upon

deriving the benefit of filing on a particular date, a debtor must also suffer the consequences of that date. These consequences include the setting of a day certain for determination of the exempt status of property.

The debtors argue that dismissal will not impact the rights of unsecured creditors, in that any distribution would pay only the priority claims of the Internal Revenue Service. The fiduciary duties of a trustee, however, extend also to priority creditors. In defining the duties of a trustee, section 704(1) of the Bankruptcy Code states that the trustee shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. §704(1), renumbered as §704(a)(1) under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Pursuant to 11 U.S.C. §350(a), the court may close a case only after the "estate is fully administered." Such full administration requires a distribution of estate property as required by 11 U.S.C. §726. Subdivision (a)(1) of this section states that property of the estate shall be distributed "first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title . . . ." Section 507 establishes priorities for payment of particular claims, among which are various tax liabilities.

The Internal Revenue Service has not joined the debtors in moving for dismissal. Even if the Service supported the present application, this court could not disregard the competing rights of other priority creditors, including governmental entities asserting tax priority claims. Obliged to effect a distribution that accords with the priority schemes of 11 U.S.C. §507, the trustee properly objects to any dismissal whose purpose and effect would be to reduce the non-exempt assets that would be available to satisfy unsecured claims, whether priority or general.

      For all of the reasons stated above, this court must deny the motion to dismiss the respective bankruptcy cases of Douglas R. Harper and Suzanne S. Harper.

      So ordered.

| Dated: | Buffalo, New York<br>October 25, 2005 | /s/ CARL L. BUCKI<br>U.S.B.J. |
|---|---|---|